UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP TODD TUCKER,
    Plaintiff,

vs.                                    Case No.:  3:22cv11180/MCR/ZCB

ESCAMBIA COUNTY BOARD OF
COMMISSIONERS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Phillip Todd Tucker is an inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.[1]  After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history.  The form must be signed under penalty of perjury.  The Eleventh Circuit has held that a prisoner's complaint may be dismissed without prejudice as malicious and an abuse of process when a prisoner misrepresents his litigation history on the complaint form.  *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

1

(11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).² Dismissal is appropriate, even if the prisoner claims a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 9-12).³ The opening paragraph of Section VIII describes what a "strike" is under 28 U.S.C. § 1915(g):

> ATTENTION: The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions,

---

[2] A raft of Eleventh Circuit cases say the same thing. *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (concluding dismissal of prisoner's complaint as malicious for abuse of judicial process was warranted where prisoner failed to disclose a case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

[3] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

(Doc. 1 at 9).

Question A of Section VIII asked Plaintiff if he had any case dismissed for a reason listed in 28 U.S.C. § 1915(g) which counts as a "strike"? (*Id.* at 10). Plaintiff checked the box for "NO." (*Id.*). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id*. at 12-13).

Plaintiff, therefore, certified that he had not had any case dismissed for a reason listed in 28 U.S.C. § 1915(g) which counts as a "strike." That certification is false. According to the Court's Case Management/Electronic Case Filing system (CM/ECF), the Court previously dismissed a lawsuit filed by Phillip Todd Tucker when he was an inmate of the Okaloosa County Jail, *Tucker v. Okaloosa County Board of Commissioners, et al.*, No. 3:20cv5854/LAC/EMT. (3:20cv5854/LAC/EMT (N.D. Fla. July 8, 2021), Doc. 9). The basis for the dismissal was "failure to state a claim upon which relief can be granted." (*Id.*).

3

How does the Court know that Phillip Todd Tucker in this case is the same Phillip Todd Tucker in the other case? The signatures on the pleadings are the same; the booking photographs from each jail are the same; and both plaintiffs provided the jails with addresses on Fink/Finck Road in Niceville, Florida.[4]

The undisclosed case, Case No. 3:20cv5854/LAC/EMT, clearly counted as a "strike." As such, Plaintiff was required to identify it on the complaint form in the current case.[5]

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise

---

[4] The Court takes judicial notice of information available on the inmate locators of the Escambia County Jail and the Okaloosa County Jail. https://myescambia.com/our-services/corrections/community-detention/jail, Inmate Lookup, Escambia County Inmate Lookup, Phillip Todd Tucker, Booking No. ECC22JBN005192; https://myokaloosa.com/corrections/home, Inmate Search, Phillip Todd Tucker, Inmate No. 2259, Booking #2020002402.

[5] The dismissal order was mailed to the jail but then returned with an indication that Tucker was not in jail. (3:20cv5854/LAC/EMT (N.D. Fla. July 8, 2021), Doc. 11). The Clerk of Court remailed the order to the address Tucker provided to the jail, Finck Road in Niceville, Florida. (*Id.*). That order was *not* returned. If Plaintiff had any doubt about the nature of the dismissal, he should have verified it with the Clerk of Court before he certified, under penalty of perjury, he had not had any case dismissed for failure to state a claim (or for any other reason that counted as a "strike").

should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed.

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 12). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[6]

---

[6] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 4th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).